NAKAJIMA ALL CO., LTD., PLAINTIFF *v.* UNITED STATES, DEFENDANT, SMITH-CORONA GROUP, CONSUMER PRODUCTS DIVISION, SCM CORPORATION, INTERVENOR

Court No. 80-6-00933

(Dated July 9, 1981)

*Alan S. Hays,* Esq. and *Paul, Weiss, Rifkind, Wharton & Garrison,* Esqs., for the plaintiff.

*Stuart E. Schiffer,* Acting Assistant Attorney General; *David M. Cohen,* Director, Commercial Litigation Branch; *Velta A. Melnbrencis,* Esq., for the defendant.

*Eugene L. Stewart* and *Terence P. Stewart,* Special Counsel to the intervenor.

NEWMAN, *Judge:* Plaintiff moves to amend and supplement the administrative record in this action brought pursuant to 19 U.S.C. § 1516a by adding two documents. An affidavit filed by plaintiff's counsel Mr. Hays in support of the motion avers that the documents in question concern "information newly determined to be relevant" respecting prior submissions to the administering authority. According to the supporting affidavit, the information contained in the two documents did not come to the attention of plaintiff's counsel until after this action had been commenced.

Plaintiff has also moved for a protective order respecting confidential documents filed in support of its motion to amend and supplement the record.

Defendant and the intervenor oppose plaintiff's motion to amend and supplement the administrative record on the ground that the granting of such motion would be contrary to 19 U.S.C. § 1516a,

which provides that determinations in antidumping duty proceedings are to be reviewed upon the administrative record.[1]

The objection by defendant and the intervenor to plaintiff's motion is well taken. It is clear upon a reading of the statute and its legislative history that review of agency determinations in antidumping duty proceedings is to be undertaken upon the basis of the record made before the agency. 19 U.S.C. § 1516a(b)(2); S. Rep. No. 96–249, 96th Cong., 1st Session., pp. 247–248, 251–252 (1979) and H.R. Rep. No. 96–317, 96th Cong., 1st Sess. 179–181 (1979). This scope of review, predicated solely upon the basis of the administrative record as prescribed by the statute, is in accord with general principles of judicial review of administrative action. *See* Schwartz, *Administrative Law* (1976), § *205.*

Accordingly, it is hereby ordered that plaintiff's motion to amend and supplement the administrative record is denied; plaintiff's motion for a protective order is therefore moot and is denied.

---

[1] Neither defendant nor the intervenor responded to plaintiff's motion for a protective order.